[No. 20072.   Department Two.   February 18, 1927.]

The State of Washington, *Respondent*, v. Fidelity & Casualty Company of New York, *Appellant*.[1]

[1] Principal and Surety (51)—Action on Bond—Conclusiveness of Adjudication Against Principal.   A judgment against a principal upon a bond, conditioned only to answer for his general default, being merely *prima facie* evidence against a surety not served or a party to the action, the surety is not liable in a second action where it conclusively appears that the judgment was obtained against the principal upon evidence insufficient to sustain it.

Appeal from a judgment of the superior court for Spokane county, Carey, J., entered November 20, 1925, in favor of the plaintiff, in an action upon an indemnity bond, tried to the court.   Reversed.

*Danson, Lowe & Danson,* for appellant.

*Chas. H. Leavy* and *M. E. Jesseph,* for respondent.

Mackintosh, C. J.—Cut to the bone, this case reveals a situation curable by the application of a single rule of law, the result being a reversal of the judgment of the trial court.

Under a prosecution for a violation of the red-light law, Rem. Comp. Stat., § 946-1 *et seq.* [P. C. § 8235] the owner of certain property was ordered to close it for a period of six months.   He was given, however, permission by the decree to file a bond, in the sum of one thousand dollars, that he would abate the nuisance and prevent the same from being kept on the premises within a period of one year, and that, if he would furnish such bond, the portion of the decree closing the premises would become inoperative.   He filed the bond with himself as principal and the appellant as

[1]Reported in 253 Pac. 446.

surety; and thereafter an action was begun against the principal and the appellant for a forfeiture of the bond, for the reason that the principal had allowed the property to become a nuisance. That action ultimately resulted in a judgment against the principal, but no judgment against the appellant for the reason that no service was ever had upon it. More than five years afterwards, this action was begun to recover from the appellant, as surety, the amount of the bond.

[1] The first defense urged is that the action is barred by the statute of limitations; but we pass by that defense and rest this decision on the other defense, that there was no evidence upon which the judgment in this case could be predicated.

The state was contented to introduce no evidence except the findings and judgment entered in the action against the principal, and there rested. The appellant introduced testimony of a witness who was present at the trial of the action against the principal and who testified that the testimony introduced in that case consisted solely of evidence of the reputation of the premises as being a house of prostitution. From this testimony, the trial court found that the principal had disobeyed the decree of the court and the conditions of his bond and had permitted the premises to become a nuisance. The attorneys for the respondent concede that the testimony of reputation introduced in the action against the principal was insufficient to have justified a judgment against him, but contend that the testimony introduced in this case by the appellant was not properly admissible and that there was therefore nothing in the record here overcoming the *prima facie* case established by them when they introduced the findings and judgment in the action against the principal.

Where a bond is furnished to answer for the performance of some act by another, and is not a bond to answer to pay any judgment that may be awarded in an action against the principal, the authorities are divided; some of them holding that the judgment against the principal is conclusive and binding upon the surety; others that the judgment is not admissible against the surety at all; and others that the judgment against the principal is *prima facie* evidence against the surety. And, while the appellant questions the soundness of this rule, it admits that this latter rule is the one adopted by this court and announced in *Larson v. Deering*, 97 Wash. 616, 166 Pac. 1119, where we find this court using this language:

". . . a judgment rendered against the principal is binding upon the sureties when it is provided in the bond that the surety will answer any judgment or pay all damages that may be awarded in an action brought against the principal. In such case, the surety is bound, in the absence of a showing of fraud or collusion or other equitable defense, though he had no notice of the suit against his principal. But where the engagement is to answer in general terms for the faithful performance of a duty imposed by law or arising out of the relation or official character of the principal, a judgment against the principal is no more than *prima facie* evidence in a subsequent case against the sureties. In which event the burden of showing nonliability, either in fact or in law, is upon the surety."

The court then reviews the supporting authorities and further says:

"One who is charged to meet a secondary liability, in the absence of a contract waiving the right, should be entitled to his day in court. In the case at bar, the engagement is to answer for the faithful discharge of an official duty of an officer. The law will not deny to one who is called upon to answer for the misconduct

of another an opportunity to be heard in his own behalf on the primary fact of liability. Such a rule is consistent with common sense and right, and it works no hardship upon one who is seeking, presently or in the future, to recover upon an official bond. He may, and of right ought to, make the surety a party to the action. If he does so, the surety, being a party, may urge *any* defense to the merits. Can it be said that, by wilful design, the surety may be exempted as a party to a suit against the principal, and afterwards, upon direct action against it, be denied any defense which it could have urged if it had been a party to the first action? The law would be a sorry thing indeed if justice depended upon such practices.   . . .

"Without holding that a party must join the principal and surety, we do hold that, having failed to do so, he must, in a subsequent suit upon a bond other than one binding the surety to pay any judgment that may be rendered against the principal, admit the right of the surety to be heard upon the merits, the same as it might have been heard if made a party in the first place.

"The plea of nonliability on the part of appellant surety company, in so far as it pleads the lawfulness of the act of the sheriff, is sufficient in law and, if sustained in fact, will exempt appellant of liability on the bond.   . . ."

Appellant relies upon these last quoted portions of the opinion, to sustain its position that, even though the judgment against its principal is *prima facie* evidence against it, it had a right to show that the facts upon which that judgment was based were insufficient to have justified the judgment and that it thereby establishes its own nonliability. The language of this court is plainly in accord with appellant's position; yet, were that not the proper rule, there would be no soundness in holding that the original judgment was *prima facie* evidence against the surety. If the surety could only attack that judgment as being void or fraudulent,

there would be then no distinction between a judgment conclusive against the surety and one only *prima facie,* for a conclusive judgment would always be open to an attack as being fraudulent or void.

Relying upon the case of *Larson v. Deering,* and satisfied of the soundness of its annunciation, this case must be reversed for the reason that it clearly appears that there was no sufficient evidence introduced in the action against the principal upon which he should have been bound.

Judgment reversed, and action dismissed.

TOLMAN, ASKREN, BRIDGES, and MITCHELL, JJ., concur.